HOOKER *et al. v.* SANDFORD *et al.*

*(Supreme Court, General Term, First Department.* December 29, 1890.)

CHANGE OF VENUE.
On a motion to change the place of trial of an action for the convenience of witnesses, the good faith of the counter-claim set up by defendants appeared to be doubtful, and the affidavit stating the names of their witnesses did not show that such witnesses could prove the terms of the contract relied on, or the material facts in regard to it. *Held,* that the motion was properly denied.

Appeal from special term, New York county.

Action by Walter H. Hooker and Louisa A. Ensign against Henry D. Sandford and Howard C. Pearsall. Defendants appeal from an order denying a motion by them to change the place of trial.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*T. D. Trumbull, Jr., (George C. Coffin,* of counsel,) for appellants. *Campbell & Murphy,* for respondents.

BARRETT, J. The order appealed from might well be sustained upon the ground specified by the learned judge at special term. A careful perusal of the pleadings and affidavits has raised in my mind the same doubt as to the good faith of the defendants' counter-claim which led to the denial of their motion. But there is an additional consideration, which leads to the affirmance of the order, and that is the failure of the defendant Sandford to specify in his affidavit that he expects to prove by the witnesses named the material facts set up in the counter-claim. He tells us, it is true, what he does expect to prove by these witnesses, but the specifications do not cover the *gravamen* of the alleged counter-claim. Certain witnesses may have heard the parties talking over their contract, but the crucial question is what the contract was, and there is not a suggestion that any one of these witnesses heard the plaintiff Hooker promise to pay the defendants one-half the expense of running the defendants' peddling wagons. The same lack of precision is found with regard to the other witnesses. The affiant fails to state what the defendants expect to prove by these witnesses as to the total cost of running the defendants' peddling wagons, or as to the amount paid for printing and sign-painting. For aught that appears, there will simply be a conflict upon the trial between the parties as to the contract, with no reasonable expectation on the defendants' part that the witnesses named will support their testimony. The order appealed from should be affirmed, with $10 costs and the usual disbursements. All concur.